UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| VEREGY CENTRAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 25-00229 |
| | ) | |
| UNITED STATES, UNITED STATES | ) | |
| CUSTOMS & BORDER PROTECTION, and | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF COMMERCE, | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT**

Veregy Central LLC hereby brings this action and alleges the following:

**PARTIES**

1.  This is an action challenging the decisions of the defendant United States, acting through its

    agencies, the United States Department of Commerce ("Commerce") and United States

    Customs & Border Protection ("CBP") that resulted in the unlawful assessment of

    antidumping duties ("AD") and countervailing duties ("CVD") on four shipments of solar

    modules imported by Plaintiff during the period July 3, 2022 through October 5, 2022.

2.  Veregy, LLC, formerly known as the CTS Group, is a company that provides engineering and

    construction services designed to reduce its clients' energy and operating costs through the

    implementation of energy efficiency and infrastructure upgrades, smart building technology,

    fleet EV infrastructure, and clean energy generation (e.g, solar energy installation).  Veregy's

corporate headquarters are currently located at 3312 East Broadway Road, Phoenix, Arizona 85040.

3.  In 2023, the CTS Group was reorganized and renamed as Veregy, LLC.  Several of Veregy's wholly-owned affiliated companies were also renamed, including Control Technology & Solutions ("CT&S Central"), which was renamed Veregy Central, LLC.  Veregy Central, LLC is located at 16647 Chesterfield Grove Road, Chesterfield, MO, 63005.  Veregy Central, LLC is the corporate successor to Control Technology & Solutions ("CT&S Central").

4.  Defendant United States unlawfully received the disputed duties as a result of the decisions and actions of its agencies, defendants Commerce and CBP.  The United States and its agencies are the statutory defendants in an action brought under 28 U.S.C. § 1581 to contest the unlawful assessment of duties and tariffs.

**STANDING**

5.  Plaintiff has paid AD and CVD to the United States as a result of the unlawful actions of the Defendants. The tariffs assessed by Defendants adversely affected and aggrieved plaintiff because it was required to pay and did pay unlawfully assessed ADs and CVDs.  Plaintiff has standing under 5 U.S.C. § 702 because it was "adversely affected or aggrieved" by agency action and under 28 U.S.C. § 2631(a) because the denied protests that are the subject of this action were filed by Plaintiff.

6.  Plaintiff has paid all liquidated duties, charges, or exactions prior to the commencement of this action in accordance with 28 USC § 2637(a).

**JURISDICTION**

7.  This action challenges, in part, the denial of administrative protests filed by Plaintiff. The

Court possesses subject matter jurisdiction over these claims pursuant to 28 U.S.C. §

1581(a), which confers upon the Court of International Trade "exclusive jurisdiction of any

civil action commenced to contest the denial of a protest, in whole or in part, under section

515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a).  To the extent this action challenges

denied protests, the Court has jurisdiction over this action.

8.  This action challenges the failure of CBP to follow the liquidation instructions and public

notices issued by Commerce with respect to the assessment of AD and CVD on entries of

plaintiff's merchandise.  Those instructions and notices directed CBP to assess AD and CVD

at a rate equal to the cash deposit of AD and CVD required at the time of entry.  This action

also challenges the Commerce Department's failure to direct CBP to assess ADs and CVDs

in accordance with 19 C.F.R. §351.212, which requires Commerce to direct the liquidation of

entries of merchandise for which no administrative review is conducted at rates equal to the

cash deposit of, or bond for, estimated antidumping duties and/or countervailing duties

required on that merchandise at the time of entry.  Under 28 U.S.C. §1581(i), the Court of

International Trade has exclusive jurisdiction of any civil action commenced against the

United States, its agencies, or its officers, that arises out of any law of the United States

providing for revenue from imports or tonnage; arises out of any law providing for tariffs,

duties, fees, or other taxes on the importation of merchandise for reasons other than the

raising of revenue; and/or arises out of the administration and enforcement with respect to

the matters falling within the Court's jurisdiction under 28 U.S.C. §1581.  To the extent this

3

action challenges non-protestable administrative actions that are not determinations listed in

Section 516A of the Tariff Act of 1930, *as amended*, 19 U.S.C. §1516a(a), the Court has

jurisdiction over this action under 28 U.S.C. §1581(i).

## TIMELINESS

9.  This action has been commenced by the filing of a summons and complaint within 180 days

after CBP denied plaintiff's protests and within two years after the United States unlawfully

assessed AD and CVD on plaintiff's merchandise in violation of 19 C.F.R. §351.212, which

requires Commerce to direct the liquidation of entries of merchandise for which no

administrative review is conducted at rates equal to the cash deposit of, or bond for,

estimated antidumping duties or countervailing duties required on that merchandise at the

time of entry.  Therefore, this action is timely.

## FACTS

10. On January 7, 2022, CT&S Central entered into a fixed-price contract for the installation of

solar arrays at Quincy Regional Airport in Quincy, IL.  On January 14, 2022, CT&S Central

issued a purchase order to Zhongli Talesun Hong Kong Ltd ("Talesun") for the acquisition of

solar modules to be used in the Quincy solar project. On March 8, 2022, CT&S Central

entered into a fixed-price contract for the installation of solar arrays at Abraham Lincoln

Capital Airport in Springfield, IL.  On March 10, 2022, CT&S Central issued a purchase

order to Talesun for the acquisition of solar modules to be used in the Springfield solar

project.  The solar modules for these two projects were to be produced by Talesun's affiliated

companies in either Thailand or Vietnam.  Both projects had a completion date of December

31, 2022.

11. On March 25, 2022, the United States Department of Commerce initiated an investigation to determine whether solar modules produced in and imported from Cambodia, Malaysia, Thailand, and Vietnam were circumventing the antidumping and countervailing duty orders on Crystalline Silicon Photovoltaic ("CSPV") Cells from China.

12. On June 6, 2022, President Biden issued Presidential Proclamation 10414 authorizing DOC to adopt regulations postponing the imposition of AD and CVD on imports of solar modules from Cambodia, Malaysia, Thailand and Vietnam until 24 months after the date of the proclamation. DOC did subsequently adopt regulations postponing the imposition of such duties, providing the importer filed exporter and importer certifications attesting that the exemption from AD/CVD assessments was applicable to the merchandise being imported.

13. On July 3, 2022, CT&S Central entered a shipment of solar modules supplied by Talesun from Thailand under cover of entry number 8XG-00177386.  On September 9, 2022, CT&S Central entered a shipment of solar modules supplied by Talesun from Thailand under cover of entry number 8XG-00195131.  On October 3, 2022, CT&S Central entered a shipment of solar modules supplied by Talesun from Vietnam under cover of entry number 8XG-00194472.  On October 5, 2022, CT&S Central entered a shipment of solar modules supplied by Talesun from Vietnam under cover of entry number 8XG-00195123.  At the time of entry, CT&S Central was not required to deposit cash or post a bond for estimated antidumping or countervailing duties because there had been no determination that such entries were subject to AD/CVD deposits.  At no subsequent time did Commerce or CBP direct CT&S Central or Veregy Central to deposit estimated AD and/or CVD on these entries of solar modules.

14. On December 8, 2022, Commerce published in the Federal Register a preliminary determination that imports of solar modules from Cambodia, Malaysia, Thailand and

Vietnam were circumventing the antidumping and countervailing duty orders on CSPV Cells from China.  That Federal Register notice gave parties who imported such merchandise between April 1, 2022 and December 8, 2022, 45 days from the publication of the preliminary determination to provide the required certifications.  CT&S Central did not file the required certifications within 45 days after Commerce's preliminary circumvention determination.

15. Liquidation of the entries was suspended pursuant to the preliminary determination by the U.S. Department of Commerce that solar modules from Thailand and Vietnam were circumventing the AD and CVD orders on CSPV Cells from China. See 87 FR 75221 (December 8, 2022).

16. On February 10, 2023, DOC issued AD/CVD message 3041408 instructing CBP to suspend liquidation of entries of subject merchandise for which certification requirements were not met, stating:

> Therefore, for Southeast Asian-Completed Cells and Modules that were entered, or withdrawn from warehouse for consumption during the period 04/01/2022 through 06/05/2024, (the day before the currently-scheduled date of termination of the Presidential Proclamation), for which the certification requirements described in either paragraph 14, 15, 16, 17, or 18 below have not been met, CBP shall suspend liquidation of those entries under the appropriate case number(s) identified in paragraph 7 below, or under any other appropriate case number(s) established by Commerce, … ."

17. On March 17, 2023, Commerce issued message 3076407 instructing CBP that subject merchandise from Thailand and Vietnam entered during the period December 1, 2021 through November 30, 2022, should be liquidated with respect to antidumping duties at the cash deposit or bonding rate in effect on the date of entry because no AD review had been

requested for these entries.  However, the liquidation of the CT&S Central entries continued to be suspended because of the ongoing CVD proceedings.

18. On August 3, 2023, DOC issued its final determination that imports of solar modules from Cambodia, Malaysia, Thailand and Vietnam were circumventing the antidumping and countervailing duty orders on CSPV cells from China. 88 Fed. Reg. 57419 (August 3, 2023). DOC's notice stated:

> [B]ased on these affirmative determinations of circumvention, Commerce will direct CBP to continue to suspend liquidation of, and collect cash deposits of the applicable estimated ADs and CVDs on, U.S. imports of Southeast Asian-completed solar cells and solar modules that are not ''Applicable Entries'' that were entered, or withdrawn from warehouse, for consumption on or after April 1, 2022,… .

19. On February 8, 2024, CBP issued to CT&S Central a CF-29 Notice of Action asserting a claim for $3,507,973.69 in antidumping and countervailing duties on imports of solar modules that were subject to the antidumping and countervailing duty orders on CSPV cells from China by virtue of DOC's circumvention determination.  However, the CF-29 was addressed to a CT&S Central office in Ballwin, Mo, that CT&S Central had vacated in 2019.

20. On June 27, 2024, Veregy Central, the corporate successor to CT&S Central, received a letter from CBP requesting information regarding CT&S Central's imports from Thailand and Vietnam of solar modules containing CSPV cells from China.  This was the first time that Veregy Central learned of CBP's February 8, 2024, CF-29 Notice of Action.

21. On July 29, 2024, Veregy Central (hereinafter "Veregy") responded to CBP's June 27 letter by supplying extensive information showing, among other things, that the airport projects using the imported solar modules had been completed in 2023, long before the Presidential

tariff exemption for subject merchandise from Thailand and Vietnam expired on June 6, 2024.

22. On August 6, 2024, the subject entries were liquidated by CBP with antidumping and countervailing duties assessed at the rates of 238.95% and 15.24%, *ad valorem*, respectively.

23. On January 14, 2025, Veregy filed Protest Number 390125131671, covering Entry Number 8XG00177386, asserting that CBP had unlawfully determined that Veregy's entries were not "Applicable Entries" excluded from assessments of ADs and CVDs by virtue of Presidential Proclamation 10414 and its implementing regulations.  On January 21, 2025, Veregy filed Protest Number 390125131687, covering Entry Numbers 8XG00194472, 8XG00195123, and 8XG00195131, also asserting that CBP had unlawfully determined that Veregy's entries were not "Applicable Entries" excluded from assessments of ADs and CVDs by virtue of Presidential Proclamation 10414 and its implementing regulations. Protest #390125131671 was designated as the lead protest in this matter.  On January 31, 2025, Veregy filed an application for further review of its two earlier protests.  This application for further review was assigned Protest Number 390125131725.

24. On January 27, 2025, while Veregy's protests were pending, DOC initiated a countervailing duty administrative review as to subject merchandise exported to the United States during the period December 1, 2021 through November 30, 2022, by Talesun, the company that supplied the merchandise imported by Veregy.  90 Fed. Reg. 7060 (January 27, 2025).  On April 21, Commerce published notice terminating the CVD administrative review as to Talesun.  90 Fed. Reg. 16666 (April 21, 2025).  In its notice terminating the administrative review as to Talesun, DOC stated:

> For the companies listed in Appendix III (i.e., Talesun) for which the review is being rescinded, Commerce will instruct CBP to assess countervailing duties on

all appropriate entries at a rate equal to the cash deposit of estimated countervailing duties required at the time of entry, or withdrawal from warehouse, for consumption, during the period January 1, 2022, through December 31, 2022, in accordance with 19 CFR 351.212(c)(1)(i).

Likewise, Customs Message #5147413 (May 27, 2025) states with respect to Talesun:

Commerce has rescinded the administrative review of the countervailing duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China (C-570-980) covering the period 01/01/2022 through 12/31/2022 in part with respect to the firms listed below. You are to assess countervailing duties on this merchandise entered, or withdrawn from warehouse, for consumption during the period 01/01/2022 through 12/31/2022 at the cash deposit rate required at the time of entry.

25. On April 22, 2025, CBP issued notices denying Protest Numbers 390125131671 and 390125131687. On August 19, 2025, CBP denied Veregy's application for further review.

26. On July 7, 2025, Veregy filed a request pursuant to 19 U.S. C. §1515(d) for CBP to void the denial of Veregy's Protest Numbers 390125131671 and 390125131687 because CBP had failed to follow Commerce's liquidation instructions directing CBP to liquidate merchandise subject to the AD and CVD orders on CSPV Cells from China and entered during the period when Veregy imported its merchandise at a rate equal to the cash deposit or bond required at the time of entry. The request to void the denial of Veregy's protests was itself denied on August 1, 2025. When CBP denied the request to void, it advised Veregy to reach out to Commerce if Veregy disagreed with CBP's decision.

27. On September 10, 2025, Veregy's undersigned counsel had a telephone conference with Yasmin Bordas, Acting Director, Customs Liaison Unit, Enforcement & Compliance International Trade Administration, U.S. Department of Commerce, in which he asked

Commerce to direct CBP to liquidate Veregy's entries at a rate equal to the amount of the

cash deposits or bonds required at the time of entry in accordance with Commerce's previous

instructions and published notices.  Commerce declined to provide any relief or information

and, instead, on September 17, 2025, referred Veregy back to CBP.

28. On October 6, 2025, CBP again issued notices denying Veregys's protests as well as its

request to void the denials, without providing any explanation for the renewed denials.

**COUNT I**

29. The allegations of paragraphs 1 through 28 are restated and incorporated herein by reference.

30. Following liquidation, Veregy filed timely protests and a request for further review objecting

to the assessment of antidumping and countervailing duties on its merchandise because the

merchandise was excluded from assessments of such duties by virtue of Presidential

Proclamation 10414 and its implementing regulations, which directed that AD/CVD duties

not be assessed on solar modules from Cambodia, Malaysia, Thailand and Vietnam that were

within the scope of the AD and CVD orders on CSPV cells from China if they were imported

and consumed in the United States within 24 months after the date of the proclamation.

31. The Court may hold unlawful and set aside agency action that is arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law or unsupported by substantial

evidence. 5 U.S.C. § 706(2).

32. It was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law

or supported by substantial evidence for the Defendants to assess ADs and CVDs on the

merchandise imported by Veregy when the uncontradicted evidence shows that the solar

modules Veregy imported from Thailand and Vietnam were within the scope of the AD and

CVD order on CSPV cells from China and that they were imported and consumed in the United States within 24 months after the date of the Presidential Proclamation 10414.

## COUNT II

33. The allegations of paragraphs 1 through 32 are restated and incorporated herein by reference.

34. If Veregy's entries were not "applicable entries", the liquidation of Veregy's entries in 2024 was unlawful because Commerce had issued instructions that the liquidation of such entries was suspended by virtue of the Commerce Department's preliminary circumvention determination. The suspension of liquidation was continued by virtue of the Commerce Department's final circumvention determination. The suspension of liquidation continued until April 21, 2025, when DOC terminated the countervailing duty administrative review of subject merchandise exported to the United States by Talesun and imported during the period December 1, 2021, through November 30, 2022.

35. When the suspension of liquidation applicable to Veregy's entries was lifted after termination of all administrative reviews covering merchandise imported by Veregy, CBP was required to follow the instructions issued by Commerce directing CBP to liquidate the entries with ADs and CVDs assessed at rates equal to the amount of the cash deposits or bonds that Veregy was required to post at the time of entry in accordance 19 CFR §351.212.

36. At the time it entered its merchandise, Veregy was not required to post cash deposits or bonds for estimated antidumping or countervailing duties. Thus, in accordance with DOC's published determinations, liquidation instructions and 19 C.F.R. § 351.212, CBP was required to liquidate Veregy's entries without the assessment of any antidumping or countervailing duties. CBP's failure to do so was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law or supported by substantial evidence.

## COUNT III

37. The allegations of paragraphs 1 through 36 are restated and incorporated herein by reference.

38. When an importer fails to provide a certification required in the course of antidumping or countervailing duty proceedings, Commerce is authorized to instruct CBP to assess such duties at the applicable rate. See 19 C.F.R. § 351.228(b)(2).

39. When Commerce directed CBP to assess ADs and CVDs on Plaintiff's merchandise at rates other than the applicable rates, *i.e.*, the rates equal to the amount of the cash deposits or bonds that Veregy was required to post at the time of entry, or failed to take corrective action after being advised that CBP had failed to follow Commerce's instructions to liquidate Plaintiffs' entries with ADs and CVDs assessed at the applicable rates, Commerce violated its own instructions, 19 C.F.R. § 351.212, and 19 C.F.R. § 351.228(b)(2).

40. Commerce's failure to require the assessment of ADs and CVDs in accordance with its own instructions, 19 C.F.R. §351.212 and 19 C.F.R. § 351.228(b)(2), was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law or supported by substantial evidence.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment:

1. Requiring Defendants to reliquidate Plaintiff's entries of solar modules and refund to

   Plaintiff with interest the antidumping or countervailing duties assessed thereon; and

2. Granting Plaintiff such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ J. Kevin Horgan

J. Kevin Horgan
Merisa A. Horgan
**DEKIEFFER & HORGAN, PLLC**
1015 Fifteenth Street, N.W.
Washington, DC 20005
Tel: (202) 783-6900
email:  kevin.horgan@dhlaw.com
Counsel to VEREGY, LLC and VEREGY
CENTRAL, LLC

Dated:   October 17, 2025