UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| VEREGY CENTRAL, LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Court No. 25-00229 |
| : | |
| UNITED STATES, UNITED STATES CUSTOMS & BORDER PROTECTION, and UNITED STATES DEPARTMENT OF COMMERCE, : | |
| : | |
| Defendants. : | |

**[PROPOSED] ORDER**

Upon reading defendants' motion to stay the case; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendants' motion be, and hereby is, granted; and it is further

ORDERED that the above-captioned proceeding is STAYED; and it is further

ORDERED that the parties shall submit a joint status report to the Court no later than thirty (30) days after final and conclusive resolution of the appeal in *Auxin Solar et al. v. United States et al.*, Fed. Cir. Appeal No. 2025-2120, including any further appeal therefrom.

_____
TIMOTHY M. REIF, JUDGE

Dated: New York, New York
       This ____ day of _____, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| VEREGY CENTRAL, LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Court No. 25-00229 |
| : | |
| UNITED STATES, UNITED STATES CUSTOMS & : | |
| BORDER PROTECTION, and UNITED STATES : | |
| DEPARTMENT OF COMMERCE, : | |
| : | |
| Defendants. : | |

# DEFENDANTS' MOTION TO STAY

Pursuant to Rules 1 and 7 of the Rules of the United States Court of International Trade, defendants, the United States et al., respectfully request that the Court stay this action pending final and conclusive resolution of the appeal in *Auxin Solar et al. v. United States et al.*, Fed. Cir. Appeal No. 2025-2120, including any further appeal therefrom. The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendants respectfully request that an order be entered granting defendants' motion to stay.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendants*

Dated:  February 13, 2026

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| VEREGY CENTRAL, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Court No. 25-00229 |
| | : |
| UNITED STATES, UNITED STATES CUSTOMS & BORDER PROTECTION, and UNITED STATES DEPARTMENT OF COMMERCE, | : |
| | : |
| Defendants. | : |

## DEFENDANTS' MOTION TO STAY

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendants*

Dated:  February 13, 2026

## **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ...........................................................................................................................2

ARGUMENT .................................................................................................................................3

    I.       Legal Standard ........................................................................................................3

    II.      Staying This Case Will Ease Administrative Burdens And Promote
            Judicial Economy ...................................................................................................4

           A. Count I ............................................................................................................7

           B. Counts II and III..............................................................................................8

CONCLUSION............................................................................................................................10

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| VEREGY CENTRAL, LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>UNITED STATES, UNITED STATES CUSTOMS &<br>BORDER PROTECTION, and UNITED STATES<br>DEPARTMENT OF COMMERCE,<br><br>                Defendants. | Court No. 25-00229 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY

The United States et al. (the Government), pursuant to Rules 1 and 7 of the United States Court of International Trade (CIT), respectfully moves to stay any further action in the above-captioned case until a final decision in the ongoing appeal in *Auxin Solar et al. v. United States et al.*, Fed. Cir. Appeal No. 2025-2120 (*Auxin Solar*), including the resolution of any further appeals therefrom.  This stay will serve to avoid unnecessary litigation and duplication of arguments and minimize administrative burdens and costs.  In accordance with CIT Rule 7(f), the parties have conferred regarding the relief requested in this motion.  Counsel for the plaintiff Veregy Central, LLC (Veregy Central) stated that Veregy Central intends to file an opposition to this motion.

**INTRODUCTION**

This case involves two protests[1] denied by U.S. Customs and Border Protection (Customs or CBP), covering four entries of solar modules (the subject merchandise), entered between July and October 2022, and liquidated on August 6, 2024.  The subject merchandise was classified at liquidation under subheading 8541.43.00 of the Harmonized Tariff Schedule of the United States (HTSUS) (crystalline silicon photovoltaic (CSPV) cells assembled in modules),  and subject to antidumping and countervailing duties (AD/CVD) pursuant to Antidumping Case Nos. A-549-988-000 and A-552-988-000 and Countervailing Duty Case Nos. C-549-989-000 and C-552-988-000.  The tariff classification of the subject merchandise as liquidated is not disputed.  *See generally*, Compl., ECF No. 6.

In Count I of its Complaint, Veregy Central contends that the subject merchandise was "excluded from assessments of such [AD/CVD] duties by virtue of Presidential Proclamation 10414 and its implementing regulations."  Compl., ¶ 30.  Veregy Central alleges that, pursuant to the Proclamation, AD/CVD were not to "be assessed on solar modules from Cambodia, Malaysia, Thailand and Vietnam that were within the scope of the AD and CVD orders on CSPV cells from China if they were imported and consumed in the United States within 24 months after the date of the proclamation."  *Id.*

---

[1] There is a third protest listed on the summons (ECF No. 1), No. 3901-25-131725, which is a duplicate of Protest No. 3901-25-131671.  It appears that Veregy Central believed—in error—that it, or CT&S Central (Veregy Central's apparent predecessor), was making an application for further review of Protest No. 3901-25-131671 by means of this duplicate protest. *See* Compl., ¶ 23; *see also* 19 C.F.R. § 174.25 (Application for further review).  The summons should be amended to remove this protest, as it violates the "one entry, one protest" rule.  *See* 19 U.S.C. § 1514(c)(1) ("… Only one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. ….").

2

In the alternative, if the subject merchandise was not excepted from AD/CVD assessment pursuant to Proclamation 10414 and its implementing regulations, *see* Compl., ¶¶ 34 and 37, then Veregy Central challenges CBP's application of liquidation instructions issued by the U.S. Department of Commerce (DOC) with respect to the subject entries (Count II), and further challenges DOC's alleged failure to comply with its own regulations in issuing the instructions to CBP (Count III).

As set forth in the following sections, this matter should be stayed pending the outcome of an appellate case, *Auxin Solar et al. v. United States et al.* (U.S. Ct. of Int'l Trade Ct. No. 23-00274, U.S. Ct. of Appeals for the Fed. Cir. Appeal No. 25-2120). The final disposition of *Auxin Solar* will determine the validity of the final agency rule on which Veregy Central's primary claim relies. Veregy Central seeks reliquidation of the subject entries without AD/CVD based on its alleged compliance with a rule that is currently vacated and on appeal. The issues in the *Auxin Solar* litigation also have the potential to affect the analysis of Veregy Central's alternative claims, Counts II and III (regarding the applicable cash deposit rate for the subject entries).

## ARGUMENT

### I.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis*, 299 U.S. at 254-55). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis*, 299 U.S. at 254.  The need for a stay exists where "a pending court decision … has the potential to render this action and any decision issued thereon a nullity." *Diamond Sawblades Mfrs' Coal. v. United States*, 34 CIT 404, 406–07 (2010) (citation omitted).

This Court has stayed litigation "pending the resolution of appellate proceedings" at the Federal Circuit Court of Appeals (CAFC) where the same issue is "squarely present[ed]" and the outcome of the appellate case "is likely to affect the analysis and disposition of [a plaintiff's] claim" below.  *HiSteel Co. v. United States*, 653 F. Supp. 3d 1341, 1353 (CIT 2023); *see also, e.g., Am. Motorists Ins. Co. v. United States*, 22 CIT 461, 462 (1998) (staying a case brought under 19 U.S.C. § 1581(a) due to pending CAFC litigation).  The CIT also considers whether "staying [the] case will promote uniformity and reduce legal uncertainty in a hotly contested area of international trade law." *HiSteel*, 653 F. Supp. 3d at 1353-54.

## II. STAYING THIS CASE WILL EASE ADMINISTRATIVE BURDENS AND PROMOTE JUDICIAL ECONOMY

As noted above, Veregy Central's primary claim – Count I of its complaint – is based on the applicability of DOC's "Duty Suspension Rule," promulgated pursuant to Presidential Proclamation 10414 (effective date June 6, 2022).  *See* Proclamation No. 10414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*, 87 Fed. Reg. 35,067 (June 9, 2022) (declaring an emergency under 19 U.S.C. § 1318(a) regarding threats to the availability of electricity generation capacity to meet demand in the United States); *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord With Presidential Proclamation 10414* (Duty Suspension Rule or "the Rule"), 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) (issuing final rule to implement Proclamation 10414), codified as 19 C.F.R. pt. 362 (2022); Compl., ¶¶ 30, 32.

The Duty Suspension Rule temporarily suspended AD/CVD duties on solar cells and modules from Southeast Asia, notwithstanding DOC's concurrent investigation and subsequent determination that such products were circumventing the AD/CVD orders on solar products from China.  *See* Duty Suspension Rule, 87 Fed. Reg. at 56,869; *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 87 Fed. Reg. 75,221-26 (Dep't of Commerce Dec. 8, 2022); *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Scope Determination and Final Affirmative Determinations of Circumvention With Respect to Cambodia, Malaysia, Thailand, and Vietnam*, 88 Fed. Reg. 57,419-22 (Dep't of Commerce Aug. 23, 2023).

Pursuant to the Rule, importers who otherwise would have been obligated to declare entries of solar modules as type 03 entries (*i.e.*, subject to AD/CVD) were permitted to declare their entries as type 01 entries (*i.e.*, without AD/CVD cash deposits at the time of entry) subject to their fulfillment of the requirements set forth in DOC's instructions.  *See* Exh. 1, DOC instructions in AD/CVD Message No. 3041408.  Specifically, for an entry to be treated as an "Applicable Entry" to which the Duty Suspension Rule applied, importers "must complete the applicable certification, and meet … documentation and other requirements." *Id.*, ¶ 12a.  Template "applicable certifications" were appended to DOC's instructions.  Per DOC's instructions:

> The importer, or the importer's agent, must submit both the importer's certification and the exporter's certification to CBP as part of the entry process by uploading them into the document

> imaging system (DIS) in ACE [the Automated Commercial Environment]. For entries made from 04/01/2022 through 12/22/2022, for which the importer, or the importer's agent, did not submit both the importer's certification and the exporter's certification to CBP as part of the entry process, the importer, or the importer's agent, must submit both the importer's certification and the exporter's certification to CBP.

In its Complaint, Veregy Central admits that its alleged predecessor, CT&S Central, the importer of record for the subject entries, "did not file the required certifications[.]"  Compl., ¶ 14.

In *Auxin Solar et al. v. United States et al.*, Ct. No. 23-00274, Slip Op. 25-111 (August 22, 2025), this Court vacated the Duty Suspension Rule.  The *Auxin Solar* plaintiffs, domestic producers of solar products, successfully argued that the Rule violated the statute (19 U.S.C. § 1318(a)) invoked by Proclamation 10414.  Defendant-intervenors, importers of solar cells and modules from Southeast Asia, are appealing the CIT's judgment in *Auxin Solar* to the U.S. Court of Appeals for the Federal Circuit (CAFC).  *See* Ct. No. 23-00274, ECF No. 125 (Sept. 16, 2025).  It is important to note that the United States is not an appellant in the *Auxin Solar* appeal—only the defendant-intervenors from the CIT case are pursuing the appeal.  On September 24, 2025, this Court stayed its judgment in *Auxin Solar* "pending a final and conclusive judgment and the conclusion of all applicable appeals."  Order, Ct. No. 23-00274, ECF No. 129 (Sept. 24, 2025).

Veregy Central's primary claim in this case is that the subject entries should have been treated as Applicable Entries covered by the Duty Suspension Rule—*i.e.*, that Veregy Central and/or its predecessor importer of record complied with the Rule as to all four subject entries and is thus entitled to reliquidation of those entries without AD/CVD assessed in accordance with the Rule.  *See* Compl., ¶¶ 30, 32.  The narratives accompanying the two validly summonsed protests

—Protest Nos. 3901-25-131671 and 3901-25-131687—set forth a single, identical basis for relief (emphasis added):

> Control Technology & Solutions ("CT&S"), through its successor corporation, Veregy Central LLC, files this protest against CBP's decision to assess antidumping duties ("AD") and countervailing duties ("CVD") on solar modules CS&T imported from Thailand and Vietnam in 2022, based on a determination by the U.S. Department of Commerce that solar modules from Thailand and Vietnam were circumventing the AD/CVD orders on Crystalline Silicon Photovoltaic ("CSPV") Cells from China. The subject solar modules were imported and installed in U.S. solar energy facilities prior to June 6, 2024. *Thus, they were exempted from assessments of AD/CVDs by virtue of Presidential Proclamation 10414 and the regulations issued thereunder.*

*See* CBP's USCIT Rule 73.1 filing of protest and entry papers associated with this litigation, ECF No. 14 (emphasis added).

### A. Count I

Count I rests on the validity of the Duty Suspension Rule. If the CAFC affirms the CIT's judgment, such that the Rule is permanently vacated, then there will be no "Applicable Entries" eligible for exemption from AD/CVD, whether Veregy Central (or any other importer) complied with DOC's instructions or not. In such case, Count I of Veregy Central's complaint will fail as a matter of law because it is based on the alleged application of a Rule that will have been permanently vacated. On the other hand, if the CAFC reverses the CIT's judgment, and upholds the Rule, in whole or in part, then an evaluation of the correctness of CBP's liquidation of the subject entries in light of the Rule will depend on the reasoning and interpretation set forth by the Court. Thus, until the outcome of the appeal in *Auxin Solar* is decided, it is not possible to conclusively adjudicate the merits of Veregy Central's primary claim, in Count I of its complaint.

The outcome of the *Auxin Solar* appeal will have far-reaching impact. Should the Duty Suspension Rule be sustained on appeal (*i.e.*, the CAFC reverses the CIT's judgment vacating the rule), tens of thousands of entries will likely be the subject of protests similar to the subject protests here. *See Auxin Solar*, Slip. Op. 25-111 at 27 n.16. The issue of compliance with the Duty Suspension Rule would, in that event, be a "hotly contested" question.

If the CAFC affirms the CIT's judgment, however, Count I of Veregy Central's complaint should be dismissed as moot without further analysis as to what compliance with the Duty Suspension Rule requires. Veregy Central contends that it should receive the benefit of the Duty Suspension Rule despite admittedly not complying with the certification requirements outlined in DOC's instructions in AD/CVD Message No. 3041408. Veregy Central relies instead on its assertion that "the solar modules Veregy imported from Thailand and Vietnam were within the scope of the AD and CVD order on CSPV cells from China and that they were imported and consumed in the United States within 24 months after the date of the Presidential Proclamation 10414." Compl., ¶ 32. It will be a fruitless endeavor for the Court to adjudicate the issue of what constitutes necessary compliance with the Rule, if the *Auxin Solar* judgment is affirmed.

### B. Counts II and III

Counts II and III are pled in the alternative and primarily involve DOC as a defendant. Until the *Auxin Solar* litigation is fully resolved, a stay as to these two counts is warranted as well for two separate reasons explained in detail below.

First, in the event that Count I is dismissed as moot (discussed *supra*), these claims might be adjudicated without CBP as a defendant. Count III solely challenges DOC's actions. Although Count II ostensibly challenges CBP's actions, by contesting the AD/CVD rate assessed

for the subject merchandise at liquidation, it is predicated on a dispute as to the correct interpretation of DOC's regulations and instructions.  *See* Compl., ¶ 36 ("[I]n accordance with DOC's published determinations, liquidation instructions and 19 C.F.R. § 351.212, CBP was required to liquidate Veregy's entries without the assessment of any antidumping or countervailing duties.").  CBP's role in assessing AD/CVD at liquidation is ministerial, and the agency's compliance with DOC's liquidation instructions (and implementation of the applicable AD/CVD orders following the final determination of circumvention referenced *supra*) was not protestable under § 1514(a), thus eliminating the need for CBP to remain as the primary defendant in the case.  *See Rimco Inc. v. United States*, 98 F.4th 1046, 1052-53 (Fed. Cir. 2024) ("Because Customs cannot 'modify ... [Commerce's] determinations, their underlying facts, or their enforcement,' its liquidation of entries subject to AD and CVD orders cannot be protested.").  Accordingly, it would "serve the interest of judicial economy and conserve the resources of the parties" to await the conclusion of the *Auxin Solar* appeal to assess the nature of "live" issues remaining, and determine whether CBP is a proper defendant.  *HiSteel Co.*, 653 F. Supp. 3d at 1356.

      Second, it is unclear what basis, other than the Duty Suspension Rule (and the related DOC instructions, including liquidation instructions issued with reference to the Duty Suspension Rule), Veregy Central has for claiming entitlement to import the subject entries without declaring AD/CVD, such that it was entitled to zero percent AD/CVD rate upon liquidation.  *See* Compl., ¶¶ 35-36, 38-39.  Rather, as noted, Veregy Central sets forth an interpretation of a DOC regulation that it believes supports its argument that no AD/CVD applied to the subject merchandise at the time of entry.  Specifically, Veregy Central alleges that "19 C.F.R. §351.212 … requires Commerce to direct the liquidation of entries of merchandise

9

for which no administrative review is conducted at rates equal to the cash deposit of, or bond for, *estimated antidumping duties or countervailing duties required on that merchandise at the time of entry*." Compl., ¶ 9 (emphasis added).  Implicitly, this argument relies on the applicability of the Duty Suspension Rule to the subject entries, since Veregy Central has failed to identify any other reason for exempting its entries of merchandise from the scope of the AD/CVD orders.

This action, brought under 28 U.S.C. § 1581(a) and (i), does not challenge DOC's circumvention determination—nor could it, as such challenges must be brought under § 1581(c). Without a conclusive disposition of the status of the Duty Suspension Rule—and without reaching, at this time, the issue of compliance with the Rule—it is premature for the Court to decide whether Veregy Central can justify the failure to deposit estimated AD/CVD based on its reading of 19 C.F.R. § 351.212.

In sum, Veregy Central's case relies inextricably on the continued legal validity of the Duty Suspension Rule, which has been vacated pending appeal in *Auxin Solar*.  Veregy Central will not be harmed by a stay of this matter pending the outcome of that appeal.  Should Veregy Central ultimately prevail, it will receive a refund of duties paid along with interest as required by statute.

## CONCLUSION

For the foregoing reasons, we ask the Court to stay this litigation pending the final outcome of the litigation in *Auxin Solar*.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendants*

Dated:  February 13, 2026