UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| VEREGY CENTRAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 25-00229 |
| ) | |
| UNITED STATES, UNITED STATES ) | |
| CUSTOMS & BORDER PROTECTION, and ) | |
| UNITED STATES DEPARTMENT ) | |
| OF COMMERCE, ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY

Plaintiff Veregy Central LLC hereby opposes Defendants' motion to stay this action pending resolution of the appeal in *Auxin Solar et al. v. United States et al.*, Fed. Cir. Appeal No. 2025-2120. Defendants' motion should be denied because the proposed stay will not promote the just, speedy, and inexpensive determination of this action as required by Rule 1 of the rules of this Court. Instead, the proposed stay would delay the final resolution of this action for an indefinite period until the *Auxin* litigation concludes, even though a final decision in *Auxin* will not resolve the issues presented in this action.

### Background

In this action, Veregy challenges the Government's assessment of antidumping ("AD") and countervailing ("CV") duties on four shipments of solar modules imported by Veregy from Vietnam and Thailand during the period July 3, 2022, through October 5, 2022. Veregy's shipments were entered after the Commerce Department initiated an anticircumvention inquiry to

determine whether certain solar products produced in and imported from Cambodia, Malaysia, Thailand, and Vietnam were circumventing the antidumping and countervailing duty orders on Crystalline Silicon Photovoltaic ("CSPV") Cells from China on March 25, 2022, but before the Commerce Department issued a preliminary determination in the circumvention inquiry on December 8, 2022.

Count I of Plaintiff's complaint asserts that United States Customs & Border Protection ("CBP") unlawfully failed to exclude Veregy's imports from AD/CV duty assessments in accordance with Presidential Proclamation 10414 and its implementing regulations, which directed that AD/CV duties not be assessed on solar modules from Cambodia, Malaysia, Thailand and Vietnam that were within the scope of the AD and CVD orders on CSPV cells from China, if the merchandise was imported and consumed in the United States within 24 months after the date of the proclamation.

Counts II and III of Plaintiff's complaint assert that even if Plaintiff's imports were not excluded from AD/CV duty assessments pursuant to Presidential Proclamation 10414, Commerce and CBP failed to assess AD/CV duties on Plaintiff's imports in accordance with the applicable regulations and liquidation instructions for assessing such duties on subject merchandise for which no annual administrative review was conducted. The regulations and the applicable instructions provide that such duties must be assessed on unreviewed entries "at rates equal to the cash deposit of, or bond for, estimated antidumping duties or countervailing duties required on that merchandise at the time of entry,…." 19 CFR §351.212.

In this case, Veregy was not required to post cash deposits or bonds for estimated AD/CV duties because such requirements were not imposed on subject merchandise imported from Thailand or Vietnam before December 8, 2022, when Commerce issued its preliminary affirmative

circumvention determination. Additionally, Veregy's imports were not included in any of the administrative reviews of the AD and/or CV duty orders on CSPVs from China for the periods during which Veregy imported its merchandise. In the absence of any administrative review of Veregy's imports, AD/CV duties on Veregy's imports should have been assessed "at rates equal to the cash deposits …, or bond…required at the time of entry," which was zero.

## Standard

The standard for granting a stay of judicial proceedings was summarized by the United States Court of Appeals for the Federal Circuit in *Groves v. McDonough*, 34 F.4th 1074 (Fed. Cir. 2022), wherein the Court stated:

> … As the Supreme Court stated in *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." It is within the sound discretion of the tribunal to grant or deny a request to stay proceedings. See, e.g., *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("When and how to stay proceedings is within the sound discretion of the trial court." (citing *Landis*, 299 U.S. at 254-55)); see also *Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("District courts do ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." (internal citations omitted)).
>
> But a "court's discretion [to stay proceedings] is not . . . without bounds," *Cherokee Nation*, 124 F.3d at 1416 (citing *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)), and "[a] stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion," id. (citing *Landis*, 299 U.S. at 257); see also *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983) (acknowledging that a "protracted or indefinite" stay may be "an abuse of discretion"). "In deciding to stay proceedings indefinitely," we have held, there must be a "pressing need" for the stay, and the tribunal must "balance [the] interests favoring a stay" against opposing interests. *Cherokee Nation*, 124 F.3d at 1416.

> "Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." Id.

34 F.4[th] at 1079-1080 (footnotes omitted).

In the *Landis* decision relied upon by the Federal Circuit, the Supreme Court stated:

> …[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. … Impressed with the likelihood or danger of abuse, some courts have stated broadly that, irrespective of particular conditions, there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger. *Dolbeer v. Stout,* 139 N. Y. 486, 489; 34 N. E. 1102; *Rosenberg v. Slotchin*, 181 App. Div. 137, 138; 168 N. Y. S. 101; cf. *Wadleigh v. Veazie*, Fed. Cas. No. 17,031; *Checker Cab Mfg. Co. v. Checker Taxi Co.*, 26 F.2d 752; *Jefferson Standard Life Ins. Co. v. Keeton*, 292 Fed. 53.

## Discussion

### 1. Count I

In its motion for stay, the Government seems to suggest that a final decision in *Auxin Solar et al. v. United States*, may act as a defense to Count I of Plaintiff's complaint. However, Rule 12 of the Rules of this Court requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading." Rule 12 also permits defenses to be asserted in certain kinds of motions. The listed motions do not include motions for a stay of proceedings.

The Government's motion for stay is unclear on whether the Government has decided to acquiesce to the Court's decision in *Auxin Solar et al. v. United States* and abandon enforcement of Presidential Proclamation 10414. Abandoning one appeal in another case does not necessarily mean that the Government is abandoning Presidential Proclamation 10414 altogether. If the Government does not intend to implement Presidential Proclamation 10414 in this case under any

4

circumstances, the Government needs to assert that defense unequivocally in a responsive pleading in this litigation.

2. **Counts II and III**

While a final decision in *Auxin* could certainly impact this Court's adjudication of Count I of Plaintiff's complaint, resolution of the claims raised in Counts II and III of Plaintiff's complaint does not depend on and will not be advanced by a final decision in the *Auxin* litigation. In fact, Count II and III of Plaintiff's complaint are ripe for resolution as a matter of law because no relevant facts are reasonably in dispute concerning whether Plaintiff posted cash deposits or bonds for AD/CV duties at the time of entry or whether its imports were subject to administrative review. A favorable resolution of Count II or III of Plaintiff's complaint would render moot Plaintiff's claim in Count I that its products should have been excluded from AD/CV duties by virtue of Presidential Proclamation 10414 and its implementing regulations.

In these circumstances, the imposition of an indefinite stay would clearly prejudice Plaintiff's right to a timely disposition of its claims. Under a stay, nothing would be done for months. When the stay is eventually lifted, the case will be no closer to a final resolution than it is now.

Defendants have already received two extensions, totaling 59 days, in addition to the initial 60-day time to respond to Plaintiff's complaint. Defendants have now obtained an additional automatic extension of their time to respond to Plaintiff's complaint by waiting until February 13, 2026, the day its response to Plaintiff's complaint was due, to file a motion for stay. Defendants waited until the last day to file the pending motion despite advising the Court in its previous extension request that it had received the information needed to respond to the complaint from CBP and the Commerce Department more than 30 days ago.

Defendants' time to respond to Plaintiff's complaint has already exceeded four months. Defendants now seek an indefinite delay even though the decision in *Auxin* will not resolve all the issues in this case. This will clearly prejudice Plaintiff's right to timely relief.

Plaintiff submits that the "just, speedy, and inexpensive determination of this action" would best be served by directing Defendants to respond immediately to Plaintiff's complaint and then, if the Court deems it appropriate, stay proceedings on Count I of Plaintiff's complaint, while allowing the litigation to proceed as to Counts II and III. In this way, the Court can minimize the use of resources on Count I, which may be impacted by the *Auxin* litigation, without wasting months, if not years, of time that could be spent resolving Counts II and III of Plaintiff's complaint, potentially in a way that would render Count I moot.

For the foregoing reasons, Plaintiff Veregy respectfully requests that Plaintiff's motion for a stay be denied.

Respectfully submitted,

/s/ J. Kevin Horgan

J. Kevin Horgan
Merisa A. Horgan
**deKieffer & Horgan, PLLC**
1015 Fifteenth Street, N.W.
Washington, DC 20005
Tel: (202) 783-6900
email: kevin.horgan@dhlaw.com
Counsel to VEREGY CENTRAL, LLC

Dated:   February 20, 2026