Slip Op. 26-33

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **VEREGY CENTRAL, LLC,** | |
| Plaintiff, | |
| v. | **Before: Timothy M. Reif, Judge** |
| **UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION AND U.S. DEPARTMENT OF COMMERCE,** | **Court No. 25-00229** |
| Defendants. | |

## <u>OPINION AND ORDER</u>

[Granting defendants' motion to stay pending appeal.]

Dated: April 8, 2026

<u>J. Kevin Horgan</u> and <u>Merisa A. Horgan</u>, deKieffer & Horgan, PLLC, of Washington, D.C., for plaintiff Veregy Central, LLC.

<u>Guy Eddon</u>, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendants United States, U.S. Customs and Border Protection and the U.S. Department of Commerce.  Also on the brief were <u>Brett A. Shumate</u>, Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, <u>Justin R. Miller</u>, Attorney-in-Charge, International Trade Field Office, and <u>Aimee Lee</u>, Assistant Director.

\*    \*    \*

Reif, Judge:  Before the court is the motion to stay of defendants United States, U.S. Customs and Border Protection ("Customs") and the U.S. Department of Commerce ("Commerce").  Defs.' Mot. to Stay ("Mot. Stay"), ECF No. 17.  Defendants move to stay "any further action in the above-captioned case until a final decision in the ongoing appeal in *Auxin Solar et al. v. United States et al.*, Fed. Cir. Appeal No. 2025-

2120 . . . including the resolution of any further appeals therefrom."  Mem. Supp. Defs'
Mot. to Stay ("Defs. Br.") at 1, ECF No. 17.  Plaintiff opposes the motion.  Pl.'s Opp'n to
Defs.' Mot. for Stay ("Pl. Br."), ECF No. 18.

For the reasons discussed below, the court grants defendants' motion.

### BACKGROUND

Veregy Central, LLC ("Veregy Central," or "plaintiff") is a Missouri company and a
wholly owned subsidiary of Veregy, LLC, which provides engineering and construction
services, including solar energy installation.[1]  Compl. ¶¶ 2-3.

From January through March 2022, Veregy Central entered into two fixed-price
contracts for the installation of solar arrays at two airports in Illinois.  *Id.* ¶ 10.  To fulfill
those contracts, Veregy Central issued purchase orders for solar modules to Zhongli
Talesun Hong Kong Ltd. ("Talesun").  *Id.*  The solar modules were to be produced by
Talesun's affiliated companies in either Thailand or Vietnam.  *Id.*

On April 1, 2022, Commerce initiated an investigation into whether solar modules
produced in and imported from Cambodia, Malaysia, Thailand and Vietnam were
circumventing antidumping ("AD") and countervailing duty ("CVD") orders on crystalline
silicon photovoltaic ("CSPV") cells from China.  *See Crystalline Silicon Photovoltaic
Cells, Whether or Not Assembled into Modules, from the People's Republic of China:
Initiation of Circumvention Inquiry on the Antidumping Duty and Countervailing Duty
Orders*, 87 Fed. Reg. 19,071 (Dep't of Commerce Apr. 1, 2022).

---

[1]  Veregy Central was known as Control Technology & Solutions ("CT&S") until 2023.
Compl. ¶ 3, ECF No. 6.  For the sake of simplicity, the court will refer to plaintiff as
Veregy Central even when discussing events during which plaintiff was known as
CT&S.

On June 6, 2022, the President issued Proclamation 10414, which authorized Commerce to permit the importation of CSPV cells and modules from Cambodia, Malaysia, Thailand and Vietnam into the United States "free of the collection of duties and estimated duties."  Proclamation No. 10414, *Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia*, 87 Fed. Reg. 35,067, 35,068 (June 6, 2022).

On September 16, 2022, Commerce issued a final rule to implement Proclamation 10414.  *Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414* ("Duty Suspension Rule"), 87 Fed. Reg. 56,868 (Dep't of Commerce Sep. 16, 2022).

From July through October 2022, Veregy Central entered four shipments of solar modules supplied by Talesun.  Compl. ¶ 13.  Two of the shipments were from Thailand, and the other two shipments were from Vietnam.  *Id.*  Veregy Central was not required to make cash deposits or post bond for estimated AD/CVDs at the time of entry, nor did Customs or Commerce ever direct Veregy Central to do so.  *Id.*

On December 8, 2022, Commerce issued a preliminary determination that imports of solar modules from Cambodia, Malaysia, Thailand and Vietnam were circumventing the AD/CVD orders on CSPV cells from China.  *See Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China: Preliminary Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia, Thailand and Vietnam* ("*Preliminary Circumvention Determination*"), 87 Fed. Reg. 75,221 (Dep't of Commerce Dec. 8, 2022).  The determination gave parties that imported such

merchandise between April 1, 2022, and December 8, 2022, 45 days from the

publication of the preliminary determination to provide the required certifications.[2]  *Id.* at

75,225.  Commerce suspended liquidation of the subject entries pursuant to the

*Preliminary Circumvention Determination*.  *See id.*

On March 17, 2023, Commerce instructed Customs that subject merchandise

from Thailand and Vietnam entered during the period December 1, 2021, through

November 30, 2022, should be liquidated with respect to AD duties at the cash deposit

rate in effect on the date of entry.  Compl. ¶ 17.  The liquidation of Veregy Central's

entries continued in suspension due to the ongoing CVD proceedings.  *Id.*

On August 3, 2023, Commerce issued its final determination that imports of solar

modules from Cambodia, Malaysia, Thailand and Vietnam were circumventing the

AD/CVD orders on CSPV cells from China.  *Antidumping and Countervailing Duty*

*Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into*

*Modules, from the People's Republic of China: Final Scope Determination and Final*

*Affirmative Determinations of Circumvention with Respect to Cambodia, Malaysia,*

*Thailand, and Vietnam* ("*Final Circumvention Determination*"), 88 Fed. Reg. 57,419

(Dep't of Commerce Aug. 23, 2023).

---

[2] "Applicable Entries" are defined in the Duty Suspension Rule as "entries of Southeast Asian-Completed Cells and Modules that are entered into the United States, or withdrawn from warehouse, for consumption before the Date of Termination and, for entries that enter after November 15, 2022, are used in the United States by the Utilization Expiration Date."  19 C.F.R. § 362.102 (2022).  The "Utilization Expiration Date" is defined as "the date 180 days after the Date of Termination" on "June 6, 2024, or the date the emergency described in Presidential Proclamation 10414 has been terminated, whichever occurs first."  *Id.*

On February 8, 2024, Customs issued to Veregy Central a CF-29 Notice of Action asserting a claim for AD/CVDs on imports of solar modules that were subject to the AD/CVD orders on CSPV cells from China by virtue of the *Final Circumvention Determination*.  Compl. ¶ 19.  On August 6, 2024, Customs liquidated the subject entries.  *Id.* ¶ 22.

In January 2025, plaintiff filed two protests "asserting that [Customs] had unlawfully determined that Veregy's entries were not 'Applicable Entries' excluded from assessments of ADs [sic] and CVDs by virtue of Presidential Proclamation 10414 and its implementing regulations."  *Id.* ¶ 23.

On April 22, 2025, Customs denied plaintiff's protests.  *Id.* ¶ 25.  On August 19, 2025, Customs denied plaintiff's application for further review.  *Id.*

On August 22, 2025, this Court vacated the Duty Suspension Rule.  *Auxin Solar, Inc. v. United States*, 49 CIT __, __, 798 F. Supp. 3d 1331, 1352 (2025).

On October 17, 2025, plaintiff filed its summons and complaint in the instant action.  Summons, ECF No. 8; Compl.

On October 21, 2025, the defendants in *Auxin Solar* appealed the judgment of this Court to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit").  *See* Defs.' Notice of Appeal, *Auxin Solar, Inc. et al. v. United States et al.*, No. 1:23-cv-00274 (CIT 2025), ECF No. 130.

On February 13, 2026, defendants in this case moved for a stay pending the appeal of *Auxin Solar*.  *See* Mot. Stay.

Court No. 25-00229                                                                 Page 6

**STANDARD OF REVIEW**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  Accordingly, it is "within the sound discretion of the tribunal to grant or deny a request to stay proceedings." *Groves v. McDonough*, 34 F.4th 1074, 1079 (Fed. Cir. 2022).

**DISCUSSION**

I.      **Count I**

The court concludes that Count I relies on the validity of the Duty Suspension Rule and should be stayed pending appeal of the judgment in *Auxin Solar*.

Count I of the complaint argues expressly that the merchandise that plaintiff entered "was excluded from assessments of [AD/CVDs] by virtue of Presidential Proclamation 10414 and its implementing regulations."  Compl. ¶ 30.  Indeed, it is likely that any relief provided as to Count I would be rendered moot if the Federal Circuit were to affirm the judgment in *Auxin Solar*.   *See id.* ¶¶ 30-32.

Plaintiff does not address these arguments directly but argues instead that defendants' motion is procedurally improper.  *See* Pl. Br. at 4-5.  Plaintiff insists that any "defense" to Count I should be stated "unequivocally in a responsive pleading in this litigation."  *Id.* at 5.

Whether defendants' mootness argument is a defense that was raised improperly is irrelevant in light of "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." *Landis*, 299 U.S. at 254.  The court declines to order that defendants file responsive pleadings at this time.  *See AIMCOR Ala. Silicon, Inc. v. United States*, 23 CIT 932, 939-940, 83 F. Supp. 2d 1293, 1300 (1999) (staying proceedings sua sponte "[i]n light of the distinct possibility of mootness . . . and in the interest of judicial economy and avoidance of possibly further unnecessary proceedings conducted at considerable expense to the parties").

Seeing as it is not the role of the court to "grant . . . contingent relief," *Axle of Dearborn, Inc. v. Dep't of Commerce*, 49 CIT __, __, 791 F. Supp. 3d 1363, 1365-66 (2025), Count I is stayed pending a final decision on appeal in *Auxin Solar.*

## II.    Count II

The court concludes that Count II relies implicitly on the validity of the Duty Suspension Rule and should be stayed pending appeal of the judgment in *Auxin Solar*.

Count II of the complaint concerns the alleged failure of Customs to follow the instructions of Commerce to assess antidumping duties or countervailing duties at rates equal to the cash deposit of estimated AD/CVDs required on subject merchandise at the time of entry pursuant to 19 C.F.R. § 351.212.  *See* Compl. ¶¶ 8, 33-36.

Plaintiff contends that "[a]t the time it entered its merchandise, Veregy was not required to post cash deposits or bonds for estimated antidumping or countervailing duties."  *Id.* ¶ 36.  But apart from the Duty Suspension Rule, plaintiff does not cite any basis for the assertion that its entries should have been liquidated "without the assessment of *any* antidumping or countervailing duties."  *Id.* (emphasis supplied).

In the absence of grounds to the contrary, the court reads the complaint as alleging that the duties assessed on plaintiff's entries were due to the *Final*

*Circumvention Determination* and would have been avoided *only if* the entries were covered by the Duty Suspension Rule.  *See id.*  Indeed, plaintiff states that the basis of its protests was that Customs "unlawfully determined that Veregy's entries were not 'Applicable Entries' excluded from assessments of ADs [sic] and CVDs *by virtue of Presidential Proclamation 10414 and its implementing regulations*."  *Id.* ¶ 23 (emphasis supplied).

As a result, any determination that Customs should not have assessed any AD/CVDs would require the court in turn to determine that plaintiff's entries were covered by the Duty Suspension Rule.  Like with Count I, such a determination would be likely rendered moot if the Federal Circuit were to affirm this Court's judgment in *Auxin Solar.  See supra* Section I; *see also Axle of Dearborn*, 49 CIT at __, 791 F. Supp. 3d at 1365-66.

For these reasons, the court grants defendants' motion to stay as to Count II.

### III.     Count III

The court concludes that Count III relies implicitly on the validity of the Duty Suspension Rule and should be stayed pending appeal of the judgment in *Auxin Solar*.

Count III of the complaint involves the same facts as Count II but concerns instead the allegedly unlawful actions of *Commerce* in failing to "take corrective action" after Customs "failed to follow Commerce's instructions to liquidate Plaintiffs' entries with ADs [sic] and CVDs assessed at the applicable rates."  *See* Compl. ¶¶ 37-40.  So, for the same reasons, the court grants defendants' motion to stay as to Count III.  *See supra* Section II.

## CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that defendants' motion to stay the instant action pending appeal of

the judgment in *Auxin Solar* is **GRANTED**; it is further

**ORDERED** that the instant action is **STAYED** pending a final resolution of *Auxin*

*Solar, Inc. v. United States*, 49 CIT __, 798 F. Supp. 3d 1331 (2025), *appeal docketed*,

2025-2120 (Fed. Cir.).

**SO ORDERED.**


                                                                         /s/      Timothy M. Reif
                                                                         Timothy M. Reif, Judge


Dated: <u>April 8, 2026</u>
          New York, New York